NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RONALD ANTHONY PRATI, JR.,            :      Civil Action No. 02-5056 (RBK)
                                      :
            Petitioner,               :
                                      :
      v.                              :      **O P I N I O N**
                                      :
KATHRYN MACFARLAND, et al.,           :
                                      :
            Respondents.              :
                                      :

**APPEARANCES:**

    RONALD ANTHONY PRATI, JR., #272060B
    Mid-State Correctional Facility
    Unit 7 West
    P.O. Box 866
    Wrightstown, New Jersey  08562
    Petitioner Pro Se

    RUSSELL J. CURLEY, Deputy Attorney General
    PETER C. HARVEY, ATTORNEY GENERAL
    Division of Criminal Justice
    Appellate Bureau
    P.O. Box 086
    Trenton, New Jersey  08625
    Attorneys for Respondents

**KUGLER**, District Judge

    Ronald Anthony Prati, Jr., filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey, Mercer County. Respondents filed an Answer seeking dismissal of the Petition on several grounds.  For the reasons expressed below, the Court dismisses the Petition and denies a certificate of appealability.

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Mercer County, on January 13, 1997, after a jury found him guilty of criminal restraint, aggravated sexual assault, robbery, aggravated assault, and possession of a weapon for an unlawful purpose.  After denying Petitioner's motion for a new trial, the Law Division merged the weapon conviction with the sexual assault and robbery convictions, and sentenced Petitioner to a 20-year term of incarceration, with a 10-year period of prole ineligibility for aggravated sexual assault, a concurrent 15-year term, with a seven-year period of parole ineligibility for robbery, a concurrent 10-year term, with five years of parole ineligibility for aggravated assault, and a concurrent five-year term for criminal restraint.  Petitioner appealed, and in an opinion filed January 10, 2000, the Superior Court of New Jersey, Appellate Division, affirmed the conviction.  New Jersey v. Prati, No. A-3652-96T4 slip op. (App. Div. Jan. 10, 2000).  Petitioner did not file a petition for certification in the New Jersey Supreme Court.

On May 12, 2000, Petitioner filed an application for post-conviction relief in the Law Division of the Superior Court of New Jersey, Mercer County.  After conducting an evidentiary hearing, on November 29, 2001, the court denied relief.  Petitioner did not appeal.

On December 8, 2001, Petitioner executed his first federal habeas petition challenging this judgment of conviction in this Court.  The Clerk received in on December 17, 2001.  See Prati v. Nunn, Civil No. 01-5924 (GEB) (D.N.J. filed Dec. 17, 2001)  The petition raised three claims.[1]  This Court issued an order to show cause why the Petition should not be dismissed as

---

[1] Prati's first Petition raised the following grounds:  prosecutorial misconduct in that the prosecutor removed the extracted DNA material before sending other evidence for testing; denial
(continued...)

unexhausted and, after considering Petitioner's response, dismissed the Petition without prejudice by Order and Opinion entered September 19, 2002.

In or about July 25, 2002, Petitioner filed a motion in the Law Division of the Superior Court of New Jersey to compel DNA testing pursuant to State v. Cann, 342 N.J. Super. 93, 103 (App. Div. 2001). According to Petitioner's Reply, the motion was still pending before the Hon. Maria M. Sypek, Superior Court of New Jersey, Law Division, Mercer County. No additional information regarding the resolution of this motion has been provided to this Court.

Petitioner signed the § 2254 Petition which is now before this Court on October 7, 2002. The Clerk received it on October 21, 2002. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). The Petition asserts three grounds, which are set forth below verbatim:

> Ground One: A showing of actual innocence. (See Sweger v. Chesney, 294 F.3d 506, 522 (3d Cir. 2002).
>
> Supporting Facts: Preliminary DNA testing shows defendant/Petitioner to be a "secretor" meaning he secretes blood group substances into his bodily fluids. However, no blood group substances are found in a viable DNA, yielding stain in evidence; meaning that it most likely came from a "non-secretor" and not from the defendant/Petitioner.
>
> Ground Two: Evidence in support of state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt. (See Winship, citation

---

[1](...continued)
of right to testify; actual innocence; and witnesses testified falsely.

>omitted, Jackson v. Virginia, 443 U.S. 307, 321 (1979); cf. Orban v. Vaughn, 123 F.3d 727 (3d Cir. 1997).
>
>Supporting Facts:  Expanding on "Ground One" such exonerating evidence clearly shows the verdict to be wrong in light of the evidence, which was not fully developed no explored at trial.  Also, "non-secretors" account for only 20% of the population, which clearly limits the true available donors, of which the defendant is not one.
>
>Ground Three:  In light of this new evidence, no juror, acting reasonably, would have voted to find the defendant/Petitioner guilty beyond a reasonable doubt.
>
>Supporting Facts:  Factually, the evidence - critical, physical, exculpatory, scientific evidence - that was not fully presented at trial proves that the defendant/Petitioner is actually and factually INNOCENT.  This also excuses any procedural defaults this petition may otherwise be subject to.  I pray!

(Pet. ¶ 12.A, 12.B. 12.C.)

Respondents filed an Answer, with relevant portions of the state court record, seeking dismissal of the Petition as untimely, unexhausted, and because it does not assert a cognizable federal claim.  Petitioner filed a Reply to the Answer.

## II.  DISCUSSION

A.  Exhaustion

A district court may not grant a writ of habeas corpus under § 2254 unless the petitioner has exhausted State court remedies for all grounds presented in the petition or such process is unavailable or ineffective to protect the petitioner's rights.  See 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); Rhines v. Weber, 125 S.Ct. 1528, 1533-34 (2005); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  Specifically, § 2254 provides in relevant part:

4

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) "there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) & (B); see also Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert, 134 F.3d at 513; Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir. 1993). Section 2254 further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Federal courts have consistently adhered to the exhaustion doctrine "for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." Picard v. Connor, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted). The statutory scheme under the AEDPA "reinforces the importance of Lundy's 'simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.'" Rhines, 125 S.Ct. at 1534 (quoting Rose v. Lundy, 455 U.S. 509, 520 (1982)).

The Exhaustion Doctrine requires a petitioner to fairly present each federal claim to all levels of the state court system, including an application for discretionary review by the state's

5

highest court.  See Baldwin v. Reese, 541 U.S. 27 (2004); O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Castille, 489 U.S. at 350-51; Rose, 455 U.S. at 515; Picard, 404 U.S. at 275; United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17 (1925); Burkett v. Love, 89 F.3d 135, 138 (3d Cir. 1996).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review before the State's highest court. O'Sullivan, 526 U.S. at 845; see also Baldwin, 541 U.S. at 29.  To exhaust, a petitioner in the custody of the State of New Jersey must present his federal claims to the Law Division, the Appellate Division, and in a petition for certification filed in the New Jersey Supreme Court.  See Toulson, 987 F.2d at 987-89.

"To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted," McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999), and must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim," Anderson v. Harless, 459 U.S. 4, 6 (1982) (quoting Picard, 404 U.S. at 276-277).[2]  The habeas petitioner carries the burden of proving total exhaustion.  Lambert, 134 F.3d at 513; Toulson, 987 F.2d at 987.  "Thus, . . . if the petitioner fails to satisfy the exhaustion requirement prior to filing a federal habeas petition and none of the exceptions apply, the federal court is precluded from granting habeas relief to the petitioner."  Lambert, 134 F.3d at 513-14.

---

[2] See also Baldwin v. Reese, 541 U.S. 27, 33 (2004) (holding that where claim in § 2254 petition does not explicitly say that the words "ineffective assistance of appellate counsel" refer to a federal claim, provides no citation of any case that might have alerted the court to the alleged federal nature of the claim, and does not even contain a factual description supporting the claim, petitioner has not fairly presented federal claim to state courts).

In this case, the Court holds that none of the claims presented in the Petition have been exhausted.  In Grounds One, Two, and Three, Petitioner asserts that DNA testing will establish that he is innocent and that, with DNA evidence, no rational trier of fact would find guilt beyond a reasonable doubt.  Petitioner did not present Grounds One, Two, or Three on direct appeal or in his petition for post conviction relief, and in any event, Petitioner has not sought review of any claim before the Supreme Court of New Jersey.  See O'Sullivan, 526 U.S. at 838 (holding that a claim is not exhausted under § 2254(b) and (c), unless a State prisoner has sought discretionary review of the claim in a State court of last resort when that review is part of the ordinary appellate review procedure in the State).  However, at the time Petitioner filed his Reply, his motion to compel DNA testing was pending before the New Jersey courts.

In conclusion, none of the claims presented in the Petition are exhausted.  Unless exhaustion is excused or the Petition does not raise even a colorable federal claim, § 2254 imposes a duty on this Court to dismiss the Petition without prejudice as unexhausted.  Rose, 455 U.S. at 510, 522; Lambert, 134 F.3d at 513; 28 U.S.C. § 2254(b)(1).

B.  Circumstances Excusing Exhaustion

Section 2254(b)(1)(B)(i) excuses exhaustion where there is "an absence of available State corrective process."  28 U.S.C. § 2254(b)(1)(B)(i);; see also Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam).  A petition containing claims which are unexhausted but procedurally barred will not be dismissed as unexhausted.  "Although the unexhausted claims may not have been presented to the highest state court, exhaustion is not possible because the state court would find the claims procedurally defaulted." Toulson, 987 F.2d at 987; accord Coleman v. Thompson,

501 U.S. 722, 730-32 & n.1 (1991); Harris v. Reed, 489 U.S. 255 (1989).[3]  "If a claim has not been fairly presented to the state courts but state law clearly forecloses review . . . exhaustion is excused." Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (citations omitted).

In determining whether State court review is "available" under § 2254(b)(1)(B) and (c), this Court must "turn [its] attention to the actuality that the state courts would refuse to entertain" the petitioner's federal claims. Lambert, 134 F.3d at 516; Christy, 115 F.3d at 207. Most importantly, "unless a state court decision exists indicating that a habeas petitioner is clearly precluded from state court relief, the federal habeas claim should be dismissed for nonexhaustion, even if it appears unlikely that the state will address the merits of the petitioner's claim." Lambert, 134 F.3d at 517; see also Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993).

In this case, no New Jersey court has determined that Petitioner is procedurally barred from raising his claims. Applying Toulson and Cabrera, this Court holds that further collateral review of Petitioner's claims is not "clearly foreclosed." Petitioner's failure to exhaust his claims is not excused under § 2254(b)(1)(B)(i).

Failure to exhaust may also be excused where "circumstances exist that render [State corrective] process ineffective to protect the rights of the applicant." 28 U.S.C. §

---

[3] While it excuses exhaustion, the doctrine of procedural default is a double-edged sword. When a petitioner's failure to comply with a State procedural rule has prevented the state courts from reaching the merits of his federal claims, federal habeas review of those claims is ordinarily barred as petitioner has procedurally defaulted his claims. Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). Reliance by the last state court to consider the federal claim on an "adequate and independent finding of procedural default will bar federal habeas review of [that] federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice' attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." Harris, 489 U.S. at 262 (citations and internal quotation marks omitted); accord Coleman, 501 U.S. at 750; Cabrera v. Barbo, 175 F.3d 307, 312-14 (3d Cir. 1999); Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996).

2254(b)(1)(B)(ii).  State corrective process is ineffective where "'state remedies are inadequate or fail to afford a full and fair adjudication of the federal contentions raised, or where exhaustion in state court would be futile.'"  Lambert, 134 F.3d at 516 (quoting Christy v. Horn, 115 F.3d 201, 207 (3d Cir. 1997)); see also Gibson, 805 F.2d at 138.  Petitioner's failure to exhaust is not excused under this provision, however, because New Jersey's appellate review procedures are not inadequate to adjudicate his claims.

C.  Colorable Federal Claim

Section 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).  The Third Circuit determined that § 2254(b)(2) codifies the holding in Granberry v. Greer, 481 U.S. 129 (1987), "by conferring upon the district court the authority to deny a habeas petition on the merits despite the petitioner's failure to exhaust state remedies."  Lambert, 134 F.3d at 514.

In Granberry, the Court held that where a state failed to raise the exhaustion defense in the district court, the court of appeals may examine the exhaustion issue under the following circumstances:

> The court should determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim . . . . [I]f it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served even if the State fails to raise the exhaustion defense, the district court denies the habeas petition [on the merits], and the court of appeals affirms the judgment of the district court forthwith.

Granberry, 481 U.S. at 134-135.

Thus, a district court may deny an unexhausted petition on the merits under § 2254(b)(2) only "if it is perfectly clear that the applicant does not raise even a colorable federal claim." Lambert, 134 F.3d at 515 (quoting Granberry, 481 U.S. at 135).  Under this standard, "if a question exists as to whether the petitioner has stated a colorable federal claim, the district court may not consider the merits of the claim if the petitioner has failed to exhaust state remedies and none of the exceptions set forth in sections 2254(b)(1)(B)(i) and (ii) applies." Lambert, 134 F.3d at 515.

In this case, at lease a question exists as to whether the petitioner could state a colorable federal claim.  See Bousley v. United States, 523 U.S. 614, 623 (1998).  The Supreme Court has required a petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.  See Schlup v. Delo, 513 U.S. 298, 324 (1995); Werts v. Vaughn, 228 F.3d 178, 193 (3d Cir.2000).

This Court sees no reason to deprive New Jersey courts of the opportunity to rule on Petitioner's claims.  See Granberry, 481 U.S. 134-35; Lambert, 134 F.3d at 514-15.  Because Petitioner has not exhausted the grounds presented in his Petition and New Jersey's post conviction relief processes are neither unavailable nor inadequate to protect his rights, the Court will dismiss the Petition without prejudice for failure to exhaust state court remedies, as required by 28 U.S.C. § 2254(b) and (c).  See 28 U.S.C. § 2254(b) and (c).[4]

---

[4] If Petitioner wants this Court to consider his federal grounds, he will have to present them as federal constitutional claims to all three levels of the New Jersey courts.  After doing so
(continued...)

D.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition for failure to exhaust is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus as untimely, and denies a certificate of appealability.

s/Robert B. Kugler
ROBERT B. KUGLER, U.S.D.J.


DATED:       October 12, 2005        , 2005

---

[4](...continued)
and subject to the one year statute of limitations under 28 U.S.C. § 2244(d), he may present them to this Court in a § 2254 petition.